IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JUSTIN HARRY WARSHAWSKY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-01191-O-BP |
| | § | |
| **CITY OF PHOENIX, ARIZONA,** | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On December 4, 2024, pro se plaintiff Justin Harry Warshawsky ("Warshawsky") filed a complaint alleging violations of Title VII of the Civil Rights Act of 1964. ECF No. 1. Specifically, he alleges that the Phoenix Police Department discriminated against him in connection with his application for employment with the department. *Id.* His action was referred to the undersigned for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference under Special Order 3. ECF No. 3. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor transfer the case to the United States District Court for the District of Arizona.

Title VII contains a special venue provision which states that venue is proper:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (2024).

The Court now considers whether venue is properly placed in the Fort Worth Division of the Northern District of Texas, particularly given that the defendant is a city that is located in the

District of Arizona. Title 42 U.S.C. § 2000e-5(f)(3) plainly provides that venue of this case is not appropriate in the Northern District of Texas because the alleged discrimination took place in Arizona, relevant employment records are located in Arizona, and the plaintiff would have worked in Phoenix, Arizona but for the alleged discrimination. *See Tucker v. U.S. Dept. of Army*, 42 F.3d 641 (5th Cir. 1994) (holding that venue in a Title VII case is based on each of these factors). Thus, under the special venue provision of Title VII, venue is appropriate only in Arizona.

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975). The Court also may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases). Accordingly, under 42 U.S.C. § 2000e-5(f)(3) and in the interest of justice, the undersigned **RECOMMENDS** that Judge O'Connor transfer this action to the United States District Court for the District of Arizona.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on December 5, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE